# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

MICHAEL RECKER,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C15-2100-LRR
No. CR12-2027-LRR

ORDER

    This matter appears before the court on Michael Recker's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Michael Recker ("the movant") filed such motion on November 19, 2015.[1]

    The movant essentially raises one claim as a basis for seeking relief. Specifically, the movant contends that counsel provided ineffective assistance because counsel did not appropriately raise or contest sentencing issues.

---

[1] No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Further, because the record is clear, an evidentiary hearing is not necessary, *see* Rule 8, Rules Governing Section 2255 Proceedings; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

Given the record, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claim and no violation of the movant's constitutional right to counsel occurred. Contrary to the movant's assertions, counsel need not pursue frivolous arguments, positions or objections at the trial level, including those that are contrary to established law. *See United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade).

Having considered the notice of intent to plead guilty (docket no. 39), the plea agreement (docket no. 41-1), the notice regarding entry of plea of guilty (docket no. 42), the change of plea hearing (docket no. 84), the report and recommendation to accept guilty pleas (docket no. 44), the order accepting the guilty pleas (docket no. 46), the objections to the pre-sentence investigation report (docket nos. 49, 50 & 51), the pre-sentence investigation report (docket no. 52), the sentencing memoranda (docket nos. 54 & 55), the sentencing exhibits (docket nos. 59 & 62), the additional sentencing memoranda (docket nos. 63 & 64), the sentencing hearing (docket nos. 87 & 88) and the appellate opinion (docket no. 92), the court finds that the movant's contentions are frivolous. Few, if any, of the movant's statements are trustworthy. His contentions regarding what occurred during his change of plea hearing and sentencing hearing are preposterous.

Given the record, it cannot be said that the movant did not knowingly and voluntarily plead guilty. Similarly, after the movant entered valid pleas, counsel made appropriate arguments and refrained from making baseless assertions. No valid basis to challenge the offense conduct, to contest the enhancement for obstruction of justice or to resist the upward departure for understated criminal history existed. So, the decisions that counsel made benefitted the movant, especially considering that the movant would have

lost acceptance of responsibility if he frivolously contested offense conduct. Indeed, the court repeatedly observed that it was a close question as to whether the movant should be awarded acceptance of responsibility because he had already come dangerously close to raising frivolous sentencing issues. Thus, the court is unable to conclude that counsel provided constitutionally ineffective assistance. *See Donnell v. United States*, 765 F.3d 817, 820-21 (8th Cir. 2014) (emphasizing that only errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment are actionable).

Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. Stated differently, the movant suffered no prejudice. During the movant's sentencing hearing, the court stressed the movant's unlawful conduct and criminal history and made abundantly clear that the movant's sentence would remain the same even if an error occurred in computing the advisory sentencing guidelines range. *Cf. United States v. Hentges*, 779 F.3d 820, 822-23 (8th Cir. 2015) (noting considerable discretion in fashioning a sentence under 18 U.S.C. § 3553(a)).

In sum, the movant misstates the record and misunderstands the law. The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's claim is without merit, especially considering that counsel represented the movant in a manner that exceeded constitutional requirements. Given the record, the court finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Apfel*, 97 F.3d at 1076 ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied. As for a certificate of

appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 24th day of March, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA